IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LISA CULVER, as next friend of M.C., a minor child, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:05cv1101-VPM ) [WO] |
| JO ANNE B. BARNHART, | ) ) |
| Defendant. | ) |

**ORDER ON MOTION**

Pending before the court is the plaintiff's ["Culver"] motion to require the defendant ["Commissioner"] to submit the administrative record of the claimant's previous application for disability benefits (Doc. # 9). Upon consideration of the motion as well as the Commissioner's response thereto (Doc. # 12), the court finds that the motion is due to be granted.

**DISCUSSION**

Shortly after Culver filed her motion, the court, unsure of the Commissioner's intentions, ordered her to respond to the motion and inform the court whether she "intends to file the administrative record of the previous application or . . . show[] cause why Culver's motion should not be granted" (Doc. # 11). In her response, after reminding the court of the general rule regarding the scope of review of the Commissioner's decision not to reopen a previous application and citing to evidence not filed with the court, the Commissioner noted:

> [I]n cases such as this one, where the ALJ denied Plaintiff's request to reopen a prior application and did not consider the merits of that prior application, the prior administrative record is typically not included because the Commissioner's denial of a request to reopen is *generally* not reviewable by the Court.

(Doc. # 12, pp. 1-2).

The Commissioner did not explicitly inform the court whether she intended to file the records Culver seeks. Instead, she responded with legal conclusions and vague generalities, which are entirely unhelpful in resolving *this* issue in *this* case.

In the brief she filed in support of her complaint, Culver appears–for it is not entirely clear–to argue that, "in light of the [Commissioner's] review of the evidence in the prior case," the Commissioner *de facto* reopened M.C.'s previous application (Doc. # 10, p. 14). Thus, notwithstanding the general rule noted *supra*, reviewing the prior administrative record may be necessary, and at least would be helpful, in determining whether a well-established exception to the general rule applies in this case. *See*, *e.g.*, **Wolfe v. Chater**, 86 F.3d 1072, 1078-79 (11th Cir. 1996).

The Commissioner failed to show cause why the prior record should not be submitted; thus the court concludes that it should.

## CONCLUSION

Therefore it is hereby

ORDERED that the motion is GRANTED. The Commissioner is DIRECTED to file with her supporting brief and the administrative record for M.C.'s current application a copy

of the administrative record for the previous application.

    DONE this 11th day of April, 2006.

                                        /s/ Vanzetta Penn McPherson
                                        VANZETTA PENN MCPHERSON
                                        UNITED STATES MAGISTRATE JUDGE